[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The court finds that the Home Improvement Act is not applicable because the defendant did not contract with the owner, Ms. Stover. Nor can Mr. deHyppolytus be considered her agent because he contracted for the work he outlined, agreed to pay for it and controlled it. The plaintiff exerted no authority over the construction and did not pay for it.
However, this does not prelude the finding that the defendant is entitled to a lien by virtue of § 49-33, in that materials were furnished and services were rendered by consent of "some person having authority from or rightfully acting for the owner."
Though the construction was controlled by Mr. deHyppolytus and he paid for its ultimately a benefit was bestowed on the plaintiff's real property. She consented to the work being done and by virtue of her delegation of authority to deHyppolytus must be deemed to have consented not only to the work being done, but to her land being subject to any claim for payment.
This application to discharge is denied.
Anthony v. DeMayo Judge Trial Referee